IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY E. GLENEWINKEL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-00649-N (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* litigant Jay E. Glenewinkel, a former federal prisoner serving a lifetime term of supervised release, filed a document entitled "Post Incarceration Appeal Vindictive Prosecution Based on Personal Bias and Vendetta Toward Defendant Glenewinkel" in which he seeks to invalidate his federal conviction and sentence. *See* Filing (ECF No. 3). For the following reasons, the Court should construe Glenewinkel's Filing (ECF. No. 3) as a motion to vacate under 28 U.S.C. § 2255 and dismiss the motion and this case without prejudice for lack of jurisdiction.

**Background**

In 2011, Glenewinkel was convicted of receipt of child pornography in the United States District Court for the Western District of Texas, San Antonio Division. *See United States v. Jay Glenewinkel*, 5:10-cr-216-XR-1 (Crim. Doc. 55) (Judgment); *see also Glenewinkel v. United States*, 2015 WL 13731255, at *1 (W.D. Tex. Oct. 23, 2015), *rec. accepted* 2015 WL 8516751, at *1 (W.D. Tex. Dec. 10, 2015) (order denying Glenewinkel's first motion to vacate under 28 U.S.C. § 2255), *aff'd,*

*United States v. Glenewinkel,* 2017 WL 447316 (5th Cir. Apr. 17, 2017). He was sentenced to 210 months' imprisonment and lifetime supervised release. *See id.* Glenewinkel was released from BOP custody in May 2025 and is now on supervised release. Filing at 2.

On February 24, 2026, Glenewinkel filed a document entitled "Post Incarceration Appeal Vindictive Prosecution Based on Personal Bias and Vendetta Toward Defendant Glenewinkel." *See* Filing. He generally alleges that new evidence from "You Tube news video resources" and the Epstein files shows that a federal prosecutor in his criminal case, Tracy Lynn Thompson, was biased and had a "personal vendetta" against him. *Id.* at 1-3. He argues that Thompson's alleged bias tainted his criminal proceedings and violated his right to due process under the "4th, 5th, and 6th Amendments to the United States Constitution." *Id.* at 1. He seeks "vindication of his conviction" and a stay of his supervised release and "suspension of any subsequent programming" pending the disposition of his "appeal." *Id.* at 4.

## Legal Standards and Analysis

The proper vehicle for a "prisoner in custody under sentence of a court established by Act of Congress" to collaterally challenge a criminal conviction or sentence is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) (per curiam); *see also Cox v. Warden, Fed. Det. Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990).

Here, Glenewinkel collaterally attacks his conviction and sentence based on allegedly new evidence showing a prosecutor's bias and "vendetta" against him. *See generally* Filing. And Glenewinkel, despite release from incarceration, remains "in custody" for purposes of § 2255 because he is serving a lifetime term of supervised release. *See United States v. Ramirez*, 703 F. Supp. 3d 756, 762 (E.D. La. 2023) ("custody" under § 2255 is construed to include supervised release); *see also Acosta v. United States*, 2013 WL 6172123, at *2 (N.D. Tex. 2013) ("Under the case law of this and other circuits the term 'in custody' includes both periods of incarceration and periods of supervised release or parole.") (citing *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000)). Thus, the Court should construe Glenewinkel's Filing as a § 2255 motion to vacate sentence. *See United States v. Cardenas*, 13 F. 4th 380, 384 (5th Cir. 2021) (citations omitted) ("When reviewing a *pro se* litigant's filings, '[i]t is the substance of the relief sought by…[the] pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of [the] habeas filing.").[1]

But because the proper place to file a § 2255 motion is the district and division where the movant was sentenced, *see* 28 U.S.C. § 2255(a), Glenewinkel's

---

[1] This is Glenewinkel's second § 2255 motion, so *Castro v. United States*, 540 U.S. 375 (2003) is inapplicable. *See id.* at 383 (holding that when a court recharacterizes a *pro se* filing as a *first* § 2255 motion, it must warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has).

Filing—properly construed as a § 2255 motion—should have been filed in the United States District Court for the Western District of Texas, San Antoinio Division. This Court therefore lacks jurisdiction to consider Glenewinkel's Filing, and this case should be dismissed without prejudice. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (noting that only the sentencing court has jurisdiction to hear a § 2255 motion attacking a sentence); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987) (holding that only the sentencing court has jurisdiction to address a § 2255 motion); *see also Nabaya v. United States*, 2021 WL 3744208, at *1-2 (N.D. Tex. July 15, 2021) (Rutherford, J.), *rec. accepted* 2021 WL 3742613 (N.D. Tex. Aug. 24, 2021) (dismissing § 2255 motion filed in the wrong district for lack of jurisdiction).

### Recommendation

The Court lacks jurisdiction over Glenewinkel's Filing (ECF No. 3)—properly construed as a § 2255 motion to vacate sentence—and should dismiss this case without prejudice.

SO RECOMMENDED.

March 12, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.